# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS B. STRONG, SR. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-17-3366 |
| DEPT. OF VETERAN AFFAIRS, U.S. NAVAL ACADEMY, and SECRETARY OF NAVY | * * | |
| Defendants | * | |

***

## MEMORANDUM

Thomas Strong, Sr., who is self-represented, filed an employment discrimination complaint on November 13, 2017 (ECF 1), along with a motion to proceed in forma pauperis (ECF 2), which I shall grant. The complaint alleges: "Acting out of sorts with my environment. Job title yp 659. Employee was fired without impeachment. Discrimination against the disabled. Rule 4-232 Md. Rules of Procedure." ECF 1 at 6 (Statement of Claim). He also asserts "Violation of Rule 4-252, Md Rules of Procedure. Art. 4 Section 4A & 4B." ECF 1 at 13 (Statement of Claim).

Plaintiff has attached to his suit copies of documents from the Social Security Administration and the Department of Veterans Affairs indicating that he receives a monthly payment for disability, and a copy of a lease for the rental property where he lives. ECF 1-1; ECF 1-2; and ECF 1-3. In addition, plaintiff attached a docket sheet for a case he filed in this court in 2011, *Strong v. Dept. of Veteran Affairs, et al.*, Civil Action WMN-11-833 (D. Md.). ECF 1-4. Review of the dispositive motion filed in that case reveals that plaintiff was declared incompetent to handle his finances in 2010 and an attorney was appointed as his fiduciary. *See Strong*, Civil Action WMN-11-833 at ECF 14-1 at 10 (Memorandum in Support). In addition,

the response to the complaint in that case detailed a lengthy history of Strong's claims for service related disabilities and other related claims against the Department of Veterans Affairs. *Id*. at 1 – 10.

Like his prior complaint, plaintiff's current complaint fails to state with clarity the nature of his claim. Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 569. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 547.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Moreover, each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Notably, "threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

The complaint as presented is insufficient because it does not comply with federal pleading requirements. The precise nature and jurisdictional basis of the complaint and how each named defendant is involved cannot be discerned from the complaint as currently presented.

2

The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A* ., 534 U.S. 506, 512, (2002) (internal quotation marks omitted).

In light of plaintiff's pro se status, he will be provided an opportunity to correct these defects by supplementing the current complaint with a statement of the supporting facts for his claims, describing how each defendant has allegedly violated his rights.  Plaintiff is forewarned that failure to supplement the complaint will result in dismissal of the complaint without further notice and without prejudice.

A separate Order follows.


  __December 1, 2017_____                    _____/s/_____
Date                                          Ellen L. Hollander
                                              United States District Judge